IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECCO EQUIPMENT CORPORATION, | No. C 07-01568 SI |
| Plaintiff, | **ORDER GRANTING CROSS-CLAIMANT'S MOTION TO COMPEL DISCOVERY [Docket No. 97]** |
| v. | |
| CENTRAL VALLEY CONSTRUCTION, INC., *et al.*, | |
| Defendants. | |
| AND RELATED CROSS-ACTIONS. | |

Cross-Claimant TPA-CKY Joint Venture requests that the Court compel Cross-Defendant Anthony Arnaiz to produce documents responsive to (1) set one of TPA-CKY's special interrogatories, and (2) set two of TPA-CKY's requests for production. TPA-CKY argues that the documents are relevant to its theory that Arnaiz is the alter-ego of defendant Central Valley Construction, Inc. (CVC). *See* TPA-CKY Letter Brief. [Docket No. 97] Arnaiz maintains that he has provided "virtually" every document requested but does not refer specifically to TPA-CKY's requests. *See* Arnaiz/TPA-CKY Letter Brief, at 2. [Docket No. 98]

Arnaiz raises three objections to TPA-CKY's request: (1) documents relating to Arnaiz's personal bank accounts are not relevant because TPA-CKY has "manufactured" its alter-ego theory, (2) production would violate the privacy interests of Arnaiz's wife, and (3) TPA-CKY's request is overbroad. *See id.*

"The determination of whether or not to pierce the corporate veil and hold a shareholder personally liable for corporate debts is based on three factors: the amount of respect given to the separate identity of the corporation by its shareholders, the degree of injustice visited on the litigants

by recognition of the corporate entity, and the fraudulent intent of the incorporators." *AFL-CIO v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1475 (9th Cir. 1994) (citing *Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1111 (9th Cir.1979)). Unity of interest may be shown through, *inter alia*, the corporation's failure to observe corporate formalities or the commingling of the corporation's funds with those of its shareholders. *See United States v. Standard Beauty Supply Stores, Inc.*, 561 F.2d 774, 1977 (9th Cir. 1977).

In this case, TPA-CKY cites deposition testimony suggesting that CVC maintains no financial statements, operates on a cash basis, and that its corporate funds were used for the benefit of one of its individual owners. *See* TPA-CKY Letter Brief, Anthony Arnaiz Deposition I, 51: 8-12 (CVC does not have financial statements prepared); 21:21-22:10 (CVC paid co-owner Phillip Vallejo for his 50% share in the corporation with a lump sump and weekly payments for continued work, when he purportedly did little work for CVC). This evidence, as well as other deposition testimony cited by TPA-CKY, demonstrates that TPA-CKY has a valid basis for its alter-ego theory and that CVC's practice of operating on a cash basis deprives TPA-CKY of a means of proving this theory without examining Arnaiz's financial records.

Arnaiz's privacy objection is not warranted. "Questions of evidentiary privilege arising in the course of the adjudication of federal rights are governed by the principles of federal common law." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 190 (C.D. Cal. 2006) (citing *United States v. Zolin*, 491 U.S. 554, 562 (1989)); Fed. R. Evid. 501. "Although there is no federal common law privilege akin to the right of privacy, federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. Resolution of a privacy objection requires a balancing of the need for the information sought against the privacy right asserted." *Id.* (citations and ellipses omitted).

Counsel for Arnaiz asserts that he is objecting on behalf of Arnaiz's wife to "the intrusion of privacy to personal accounts." Arnaiz/CVC Letter Brief, at 3. Arnaiz's wife is a non-party to this suit and Arnaiz has no standing to object to the invasion of her privacy. Counsel provides no declaration from Arnaiz's wife or other support for his assertion that he is authorized to object on her behalf. Moreover, even if counsel represented Arnaiz's wife and therefore had a basis for raising this objection,

production of these documents would still be warranted. Arnaiz has not rebutted TPA-CKY's contention that its alter-ego theory is central to its case, and that it cannot prove its case without production of the documents requested. *See Farber*, 234 F.R.D. at 191. On this record, there is no basis for the privacy objection Arnaiz raises.

Finally, Arnaiz objects that production is not warranted because the relevant time period is overly long and the documents are either unavailable or untrustworthy because of the passage of time. TPA-CKY seeks information relating to funds Arnaiz has received from CVC since 1991 and Arnaiz's personal finances since 2001. The Court does not find that these requests are overbroad. The relationship between Arnaiz and CVC is central to TPA-CKY's alter-ego theory. Records of this relationship since CVC was founded are relevant to this theory. Arnaiz may challenge the trustworthiness of the documents at trial; this is not a valid in objection in this case, where there appears to be little documentation of CVC's finances. Finally, if the requested documents do not exist, Arnaiz must make that statement under oath without raising these objections.

Accordingly, the Court orders Arnaiz to comply with (1) set one of TPA-CKY's special interrogatories, and (2) set two of TPA-CKY's requests for production. Prompt compliance with this order is necessary so that both sides to prepare for mediation on January 30, 2009. Arnaiz's responses to these requests were originally due no later than April 24, 2008. Further delay will not be tolerated.

**IT IS SO ORDERED.**

Dated: November 26, 2008

SUSAN ILLSTON
United States District Judge

3